**CITIZENS ASSOCIATION OF GEORGE-TOWN, Inc., Petitioner,**

**v.**

**DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent.**

**JAMF, Inc., Intervenor.**

**No. 5673.**

District of Columbia Court of Appeals.

Argued June 14, 1971.

Decided July 13, 1971.

Courts Oulahan, Washington, D. C., with whom Christopher W. Keller was on the brief, for petitioner.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel and Richard W. Barton, Asst. Corp. Counsel, were on the motion to dismiss, for respondent.

4. GS Civ.Rule 1.

J. William Cain, Jr., Washington, D. C., for intervenor.

Before NEBEKER and REILLY, Associate Judges and MYERS, Associate Judge, Retired.

NEBEKER, Associate Judge:

The petition for review seeks to vacate and set aside the renewal of a Class C license by the Alcoholic Beverage Control Board (hereinafter, the Board) for the sale of alcoholic beverages in a restaurant. Subsequent to the petition, intervenor (hereinafter, licensee) met with serious financial difficulties forcing it to go out of business and to move from the premises. As a result, the Board and the licensee have filed motions to dismiss on the grounds of mootness.

In opposing, petitioner relies on a line of cases [1] suggesting that various factors such as an important public interest or probable recurrence of a significant issue dictate against what otherwise appears to be a valid claim of mootness. It suggests that such factors are present here in the contentions that the license should not have been renewed because licensee's operations substantially differed from representations as to planned operation when the original license was sought and because the licensee did not derive its chief source of revenue from the sale of meals rather than from beverages. Thus, petitioner says, upon either contention, renewal of the license should not have been granted.

In seeking to prevent or delay issuance of any Class C license for the premises in question, petitioner wishes to defeat the instant license and then rely on Board Regulation 2–127(a) [2] to prevent relicensing for one year. It is the literal phrasing, "a second application for the same class [of license on the premises] shall not be considered within * * * one year" on which it bases the claim that the matter is not now made academic by licensee's business demise.

We observe that petitioner's criticisms of the Board's action in renewing the license relate to asserted operational deficiencies peculiar to licensee and not to the premises. For this court to determine whether it has jurisdiction or whether the petition is moot we must look to the applicability of Regulation 2–127(a) in the event the renewal of the license were determined to be erroneous. This is so because it appears that literally the Regulation would preclude relicensing of the premises for one year whenever an earlier application has been denied.

Of course, if, for deficiencies peculiar to the applicant, the Board denied a Class C license, its Regulation 2–127(a) would preclude for one year "a second application for the same class" license by the same applicant. In other words, the Board may, in the absence of new evidence, prevent frivolous renewals of applications. It is quite another thing, however, to apply this regulation to an otherwise qualified applicant on the basis that he is disabled by deficiencies

---

1. Southern Pac. Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911) ; United States v. Trans-Missouri Freight Ass'n, 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007 (1897) ; Boise City Irrigation & Land Co. v. Clark, 131 F. 415 (9th Cir. 1904).

2. Board Regulation 2–127(a) provides in pertinent part:
"Where an application for the issuance * * * of an alcoholic beverage license * * * has been denied by the * * * Board, a second application for the same class [of license on the premises] shall not be considered within the period of one year from the date of the denial of the first; * * * Provided, however, That where on motion for leave to file a new application new pertinent evidence is presented, the Board may, in its discretion, designate an earlier date for the filing of such new application."

of a previously disappointed applicant. For instance, if renewal of a license were denied because of violations of the Hours of Sales Regulation, it would hardly comport with due process to force another applicant, completely unrelated to the first, to wait one year before applying for the same class of license. Therefore, even assuming the correctness of petitioner's statement regarding operational deficiencies peculiar to licensee, we find no valid grounds for the Board's refusing under Regulation 2-127(a) to grant a license to another otherwise qualified applicant until the expiration of a one-year delay. Thus, we are unable to agree with petitioner's views on this point.

Moreover, the ability of petitioner in future proceedings involving other applicants before the Board to raise, with more factual precision, the nonfrivolous issues here asserted, and the fact that licensee is no longer in business, leads us to hold that the instant petition has no continuing viability. *Compare* Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911), where the passage of a set period of time prevented review of issues having residual impact on the same parties; United States v. Trans-Missouri Freight Association, 166 U.S. 290, 17 S.Ct. 41, 540 L.Ed. 1007 (1897), in which the event suggesting mootness occurred for the purpose of defeating the suit; Boise City Irrigation & Land Co. v. Clark, 131 F. 415 (9th Cir. 1904), in which the precise issues presented would necessarily arise again between the same parties.

Accordingly, the petition for review is

Dismissed.

MYERS, Associate Judge, Retired, concurs in the result.